**BONAKDAR LAW FIRM**

Roger S. Bonakdar, #253920
2344 TULARE ST., SUITE 301
FRESNO, CALIFORNIA 93721
PHONE (559) 495-1545
FAX (559) 495-1527

Attorneys for Defendant BAY AREA AUTO CAR SALES, LLC

## UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON, | Case No. 5:17-cv-04325-SVK |
| Plaintiff, | **NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT BAY AREA CAR SALES, LLC** |
| v. | |
| RUIZ BROTHERS, LLC, a California Limited Liability Company; BAY AREA CAR SALES, LLC, a California Limited Liability Company; and Does 1 - 10 | **Date: April 3, 2018**<br>**Time: 10:00 a.m.**<br>**Judge: Magistrate Judge Van Keulen** |
| Defendants. | |

TO THE PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on Tuesday, April 3, 2018, at 10:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Magistrate Judge Susan van Keulen, Courtroom 6, 4th Floor, of the United States District Court for the Northern District of California, located at 280 South 1st Street, san Jose, CA 95113, Roger S. Bonakdar, shall and hereby does seek leave of this Court, pursuant to Local Rule 11-5(a) and in compliance with Cal. R. Prof. Conduct 3-700, to withdraw as counsel for Defendant, Bay Area Car Sales, LLC (herein "Bay Area".)

Pursuant to Local Rule 11-5, Roger S. Bonakdar ("Movant") hereby notifies the parties and the Court of his intent to withdraw as counsel for Bay Area. Movant states the following grounds for this notice and motion.

1.      Without disclosing attorney-client privileged information, there has been a fundamental breakdown in the attorney-client relationship, and communication between the attorney and client is no longer meaningful/effective in representing the client's interests. Bay Area is unresponsive to requests for information and otherwise has abandoned counsel to defend the matter, without resources to do so, such that it is wholly impracticable for counsel to continue to represent Bay Area, going forward.

2.      The interests of the Court, the Court's calendar, judicial economy, and the rights and calendars of all the litigations involved would be best-served by withdrawal of the Bonakdar Law Firm at this stage of the litigation. Trial dates have not yet been set, and sufficient time exists for Bay Area to retain new counsel and for said new counsel to familiarize her/himself with this matter prior to any significant deadlines in this matter.

3.      Given the insubstantial nature of this Motion, as well as the substantial burden to all parties in travelling and attending a hearing on this Motion, Movant respectfully requests that the Court grant the parties to appear via telephone/CourtCall.

This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Roger S. Bonakdar, all pleadings and papers on file in this matter, and upon such other matters as may be presented to, or requested by, the Court at the time of the hearing on this motion.

[Memorandum of Points and Authorities to Follow on Next Page]

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**INTRODUCTION**

Bonakdar Law Firm, counsel for Defendant Bay Area Car Sales (herein "Bay Area"), hereby moves for leave of this Court to allow the Bonakdar Law Firm to withdraw as counsel for Bay Area in this action. The Bonakdar Law Firm makes this motion on the basis that a fundamental breakdown in the attorney-client relationship and communication between the attorney and client is no longer meaningful/effective in representing the client's interests. Bay Area is unresponsive to requests for information and otherwise has abandoned counsel to defend the matter, without resources to do so, such that it is wholly impracticable for counsel to continue to represent Bay Area, going forward.  As stated herein, California's Rules of Professional Conduct and the Local Rules of this Court permit withdrawal of counsel in circumstances such as these. As such the motion should be granted.

**II.**

**FACTUAL BACKGROUND**

Defendant Bay Area is a small used vehicle dealership. Defendant Bay Area is the tenant in the ADA lawsuit, and Co-Defendant with the owner of the property RUIZ BROTHERS, LLC., which is being represented by separate law firm. This matter involves the claims of Plaintiff, which include claims of violation of the American's with Disabilities Act.

The Bonakdar Law Firm began representation of Bay Area regarding this lawsuit sometime in September 2017. The Bonakdar Law Firm has advanced all costs incurred, to date, in this matter.

In or about December/January, a conflict arose between Bonakdar and Bay Area, with Bay Area ceasing to communicate with counsel.

Bay Area is in breach of its agreement with Bonakdar Law Firm, by failing to cooperate in the defense of Bay Area's interest, and to otherwise make resources available to continue the defense.

**III.**

**ARGUMENT**

A. <u>Authority to Grant Withdrawal</u>

The Civil Local Rules of the United States District Court for the Northern District of California authorize an attorney to withdraw as counsel of record after the following: (1) Attorney provides notice to the client and all other parties in the action; and (2) the attorney obtains leave of court (Northern District Local Rule 11-5(a); and *Darby v. City of Torrance* 810 f. Supp. 275 (C.D., Cal 1992).) "The decision to permit counsel to withdraw is within the sound discretion of the trial court." (See U.S. v. Carter, 560 F.3d 1107, 1113 (9th Cir. 2009).)

Withdrawal is governed by the California Rules of Professional Conduct (Northern District Local Rule 11-4(a); *Nehad v. Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008 (applying California Rules of Professional Conduct to attorney withdrawal). Courts in the Northern District also look to several factors, including: (1) the reasons counsel seeks to withdraw; (2) the possible prejudice that withdrawal may cause to other litigants; (3) the harm that withdrawal might cause to the administration of justice; and (4) the extent to which withdrawal will delay resolution of the case. (*Deal v. Countrywide Home Loans*, 2010 U.S. Dist. LEXIS 101701 (N.D. Cal. 2010)

California Rule of Professional Conduct 3-700(c) states that an attorney may withdraw from representation if the client:

(d) by other conduct renders it unreasonably difficult for the member to carry out the employment effectively, or

(f) breaches an agreement or obligation to the member as to expenses or fees. (*See California Rules of Professional Conduct,* Rule 3-700(C)(1)(d),(f).)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Also, ABA Model Rule of Professional Conduct 1.16(b) which governs the "Declining or Terminating Representations," states that a lawyer may withdraw from representation if:

(5) the client fails to substantially fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;

(6) the representation will result in unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or

(7) other good cause for withdrawal exists.

(ABA Model Rules of Professional Conduct, Rule 1.16(b)(5), (6), (7). Comment 8 to Rule 1.16 elaborates that "[a] lawyer may withdraw if the client refuses to abide by the terms of an agreement relating to the representation, such as an agreement concerning fees or court costs or an agreement limiting the objectives of the representation."

California Rule of Professional Conduct 3-700(A)(2) requires an attorney to take reasonable steps to avoid reasonably foreseeable prejudice to the client before withdrawing. This includes giving notice to the client, allowing time for employment of other counsel, returning the client's papers and property if requested, and complying with applicable laws and rules. (California Rules of Professional Conduct, Rule 3-700(A)(2).)

B.   Failure or Inability to Pay Attorney  Fees is a Valid Reason for Withdrawal

Withdrawal is justified under Rule 3-700(c) and Northern District Local Rule 11-5(a) if the client will not or cannot pay the attorney's fees (*St. Matthews Baptist Church of Livermore, Inc. v. Found Capital Res., Inc.,* 2015 U.S. Dist. LEXIS 14681 (N.D. Cal. Feb 6, 2015) "failure to pay attorneys' fees constitutes good cause for withdrawal."; *Pension Plan v. Yubacon Inc.,* 2014 U.S. Dist. LEXIS 35643 (N.D. Cal. Mar 18, 2014) (compiling N.D. Cal cases where failure or inability to pay for legal services constitutes a good cause for withdrawal); *Ramirez v. Video Wage of Noe Valley*, 2012 U.S. Dist

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LEXIS 88446 (N.D. Cal June 26, 2012) (Client's failure to pay attorney's fees constituted good cause for withdrawal).) (See also *California Rules of Professional Conduct,* Rule 3-700(C)(1)(f); ABA Model Rules of Professional Conduct, Rule 1.16(5), ()6); *St. Matthews Baptist Church of Livermore, Inc.,* 2015 U.S. Dist. LEXIS 14681; *Pension Plan v. Yubacon Inc.,* 2014 U.S. Dist. LEXIS 35643; *Ramirez v. Video Wave of Noe Valley,* 2012 U.S. Dist. LEXIS 88446.)

There is good cause to allow the Bonakdar Law Firm to withdraw as counsel for Bay Area, as Bay Area is in breach of their retainer agreement, currently owes the Bonakdar Law Firm in a substantial sum (not disclosed herein in order to protect client privacy, but can/will be disclosed upon affirmative request from the court. (See Bonakdar Decl). As such, the attorney-client relationship has irretrievably been damaged. (See Bonakdar Decl).

Further, should the attorney decide to sue the client for fees, a conflict of interest will have arisen and the attorney will be required to withdraw from representation of the client. "An attorney should withdraw from all matters . . . prior to commencing litigation for costs or fees." (*Los Angeles County Bar Assn. Formal Opn. 476 (1994); See also Cal. State Bar Form. Opn. 2009-178 at page 3.*)

C.  Irretrievable Deterioration of Relationship

The Legal Services Agreement entered into by Bay Area and Bonakdar Law Firm specifically provides that "Attorneys may withdraw with Client's consent or for good cause, which shall include **Client's breach of this Agreement, Client's refusal to cooperate with Attorneys or to follow their advice or any fact or circumstance that would render Attorneys' continuing representation unlawful or unethical according to the Rules of Professional Conduct.**  Attorneys and Client each agree to sign any documents reasonably necessary to effect or complete Attorneys' discharge or withdrawal." (Bold added for emphasis).

1
2
3
4

In or about mid-January 2018, a conflict arose between Bay Area and the Bonakdar Law Firm regarding the substantive nature of the litigation, and attorney's recommendations concerning development of the case and possible resolution thereof, with Bay Area not willing to take the advice of the Bonakdar Law Firm.

5
6
7
8
9
10

In or about mid-January 2018, I emailed Bay Area regarding certain information and actions required by Bay Area in order to effectively proceed in representing its interests. On January 23, 2018, I emailed Bay Area and informed it that the last action I would take to preserve their rights and interests in this action before withdrawing would be to prepare and exchange the Rule 26(a) disclosures.

11
12
13
14
15
16
17
18
19

Bonakdar Law Firm advised Bay Area on January 31, 2018, that it was going to proceed with a motion to withdrawal if Bay Area were not willing to substitute Bonakdar Law Firm out of the subject lawsuit. Bay Area agreed to a substitution, with the understanding that Bonakdar Law Firm would receive and forward all notifications, filings, and documents relating to this matter, to Bay Area until such time as Bay Area secured alternate counsel. On or about January 31, 2018, the Notice of Withdrawal and Substitution of Attorney form was prepared and presented to Bay Area, through its corporate representative.

20
21
22
23
24
25

Bonakdar Law Firm contacted Bay Area on February 13, 2018, February 16, 2018, and again on February 23, 2018, regarding Bay Area's signature and return of the substitution form. Bay Area has failed to respond to any of these email communications. In addition, several calls had been made to the client, both before and in between the dates the emails were sent.

26

///

27

///

28

MOTION TO WITHDRAW AS COUNSEL

D.  <u>Withdrawal from a Corporation is Permitted.</u>

Withdrawal is permitted even though a corporation is the client (See *Pension Plan v. Yubacon, Inc.,* 2014 U.S. Dist. LEXIS 35643 (N.D. Cal. Mar. 18, 2014) (granting motion to withdraw representation of corporation even though the corporation had not yet retained new counsel); *BSD, Inc. v. Equilon Enters., LLC,* 2013 U.S. Dist LEXIS 85607 (N.D. Cal. June 18, 2013).) If granting a motion to withdraw leaves a party without counsel, the court may condition the withdrawal ont eh attorney agreeing to forward all communications fro the Court to the former client until new counsel is obtained, and should notify the corporation that failure to obtain new counsel may result in the answer being stricken (Northern District Local Rule 11-5(b).)

E.  <u>Withdrawal Will Not Cause Undue Hardship or Prejudice to Any Party Herein</u>

Withdrawal of the Bonakdar Law Firm will not cause prejudice to the other litigants. There are no deadlines or court dates set for mediation, discovery, trial, etc, which gives Bay Area ample time to retain new counsel. The Bonakdar Law Firm has given Bay Area sufficient notice of its intent to withdraw from the case.

## IV.

## **CONCLUSION**

Pursuant to California Rules of Professional Conduct, and the rules of this Court, good cause exists to grant the Bonakdar Law Firm leave to withdraw as counsel for Bay Area. As such, the Bonakdar Law Firm's motion should be granted.

Date:  February 27, 2018                    BONAKDAR LAW FIRM


                                            <u>/S/ Roger S. Bonakdar</u>
                                            ROGER S. BONAKDAR
                                            Attorney for Defendant,
                                            BAY AREA CAR SALES, LLC